Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
206 Jefferson St.
Boise, ID 83702
P: 208-481-4812
E: barkley@barkleysmithlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CRYSTAL HENDERSON,<br><br>         Plaintiff,<br>   vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC and USAA FEDERAL SAVINGS BANK,<br><br>         Defendant. | Case No.: 1:cv-21-434<br><br>**COMPLAINT**<br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Crystal Henderson, by and through her counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and allege his causes of action against Defendants as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act) and 15 U.S.C. 1692 *et seq*. (Fair Debt Collection Protection Act)

Complaint - 1

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692(d) because the illicit collection and credit reporting activity was directed at Plaintiff in Washington County, ID.

3. Venue is proper in this district under 15 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person currently residing in Washington County, Idaho.

5. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

6. USAA Federal Savings Bank (USAA) is a National Bank with a headquarter located at 10750 Mcdermott Freeway, San Antonio, TX 78288.

7. USAA is a "person" as that term defined by 15 U.S.C. § 1681a(b).

8. USAA is a "user" and a "furnisher" of credit information as defined by the FCRA.

9. Experian Information Solutions, Inc. (Experian) is a corporation incorporated under the laws of the State of Ohio and has a designated registered agent: CT Corporation Systems, 921 S Orchard St. STE G, Boise, ID 83705.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681(d), to third parties. Experian is a "consumer reporting agency", as defined by 15 U.S.C. § 1681f.

## GENERAL ALLEGATIONS

11. Defendant Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least November 2019 through present. The inaccurate information includes

multiple tradelines, including, but not limited to, accounts USAA cancelled and deemed uncollectable but continued reporting as owed.

12. The inaccurate information negatively reflected and reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts USAA cancelled, issued Plaintiff 1099-Cs stating debt was discharged but continued reporting the original balance. Due to the Defendants faulty procedures, Defendants inaccurately reported Plaintiff still owed balances on these accounts despite the fact they were discharged. As required by law, Plaintiff paid taxes on the forgiven debt.

13. Before USAA issued the 1099-C, USAA sent billing statements to Plaintiff.

14. After USAA issued the 1099-C, USAA did not send billing statements to Plaintiff.

15. Plaintiff disputed the inaccurate information with Experian by following Experian's established procedures for disputing consumer credit information.

16. Plaintiff disputed the inaccurate information with Defendants from November 2019 through present.

17. In November 2019, Plaintiff uploaded copies of the 1099-C's USAA issued to Plaintiff to Experian's system.

18. In response, Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information.

19. Despite Plaintiff's efforts, Experian did not: (1) contact Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forward all

relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents; and/or (5) delete the information when it could not determine if the information was accurate.

20. Notwithstanding Plaintiff's disputes, USAA has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by Experian concerning Plaintiff's disputes and upon USAA's conclusion of an ineffective investigation, it has willfully continued to report such inaccurate information to various credit reporting agencies.

21. Notwithstanding the above, USAA has been falsely furnishing and/or reporting the inaccurate information about the accounts in connection with Plaintiff's credit history to credit reporting agencies when they knew or should have known that the debts were cancelled by USAA.

22. The debts negatively reflected upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

23. USAA could and should have taken the steps necessary to bring its agent's actions within compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

24. Experian could and should have taken the steps necessary to bring its agent's actions within compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

25. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

26. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

27. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

28. As a result of this conduct, action and inaction of Experian, the Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

29. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

30. Plaintiff re-allege and incorporates paragraphs 1-17 above as fully set out herein.

31. Experian violated 15 U.S.C. § 1681i on multiple occasions by:

   a. Failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies from Plaintiff;

   b. By failing to conduct a lawful reinvestigation;

   c. By failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file;

   d. By relying upon verification from a source it has reason to know or should have known is unreliable.

32. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit;

and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

33. Experian's conduct, action and inaction was willful, rendering it liable for actual and/or statutory damages and punitive damages in an amount to be determined by the trier of fact pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### THIRD CLAIM FOR RELIEF AGAINST USAA

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. USAA violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. § 1681s-2(b).

36. USAA's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result USAA is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant on Plaintiff's Claims for Relief for willful and/or negligent violations of the FCRA as follows:

A. Judgment that Defendant's conduct listed in Plaintiff's First, Second and Third Claims of Action violated the FCRA;

B. Actual damages in an amount which will be determined by a jury;

C. Statutory damages against Defendants as determined by the court pursuant to 15 U.S.C. § 1681n;

D. Punitive damages against Defendants in an amount which will be determined by a jury pursuant to 15 U.S.C. §1681n;

E. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(b) and 15 U.S.C. § 1681n(c).

Dated this 9th day of November, 2021.

Respectfully submitted by,

/s/ Barkley B. Smith
BARKLEY B. SMITH
Barkley Smith Law, PLLC